Missouri, Kansas & Texas Railway Company v. V. T. Jones.

No. 1524.

**1.  Railroad—Obstructing Highway—Frightening Teams.**

In a suit for personal injuries caused by frightening plaintiff's team by cars placed on sidetrack upon a highway crossing, an instruction to find for defendant if such cars were not on the traveled portion of such highway and it was not thereby obstructed, was properly refused.  Defendant was guilty of negligence if it unnecessarily obstructed any portion, traveled or not, in such manner as to frighten teams of ordinary docility.

**2.  Same.**

A charge to find for defendant in such case if its employes used ordinary care in placing the cars where they were placed was properly refused, since there may have been negligence in placing them there at all.

**3.  Same.**

See charges on negligence in frightening team by cars standing on highway, held properly given and refused.

Appeal from District Court, Hunt County.    Tried below before Hon. E. W. Terhune.

The briefs of counsel show the nature of the charges given and refused not contained in the opinion.

*Dillard & Muse*, for appellant.—It is not negligence for the employes of a railway to place cars belonging to such railway on its track where the same intersects a public highway, and where the placing of such cars on such track does not impede the travel along such highway, and this is the case although such cars might be placed on that portion of the track in the limits of the highway so crossed by the railway track. Cook v. City of Charleston, 98 Mass., 80; Kingsberry v. Deadham, 90 Am. Dec., 191; Gilbert v. Railway, 15 Am. & Eng. Railway Cas., 491.

If the cars of defendant were placed upon its track within the limits of the public road, yet if said cars were not in the traveled portion of the highway, and if such highway was not obstructed by the manner in which the cars were placed so as to interfere with the travel thereon, then the defendant would not be liable in damages to any one whose team may have become frightened at the cars so standing on the track of appellant.

The court erred in refusing the fourth special instruction requested by the defendant, because if the employes of the defendant placed certain cars of defendant on its track where the same intersected a public road, and the employes of defendant used proper and ordinary care in so placing said cars, then the jury should have been instructed to return a verdict for the defendant, although the plaintiff's team may have become frightened at the cars, and thereby plaintiff may have been injured.

The court erred in that portion of subdivision twelve of his charge wherein he informed the jury that it is the duty of a railway company to keep that portion of its road-bed over which a public road crosses in proper condition for the use of the traveling public, because there are no allegations in the petition and no proof in the case to show that the road-bed of defendant where it crossed the public highway was not in proper condition for the use of the traveling public.

The court erred in the twelfth paragraph of his charge wherein he told the jury that the laws of this State require that first-class roads shall not be less than forty nor more than sixty feet in width; all causeways shall be at least sixteen feet wide; because such charge is upon the weight of the evidence, and because the same is not called for by any issues raised by the pleadings or the proof.

The court erred in that portion of the twelfth paragraph of his charge wherein he told the jury that the law further authorizes railroads to build their tracks across public roads, but requires them to restore such road where the railroad crosses it to such a state as not to unreasonably impair its usefulness; because; first, neither the pleadings nor the proof call for such an instruction; and, second, there was no proof in the case to show in what condition the said public road was where it intersected defendant's track; and there was no proof going to show that travel was unreasonably or unnecessarily impeded by reason of the railroad having laid its track across the public road; fourth, there was no proof in the case to show how defendant's track was left, if it was con-

structed across the public road, neither was there proof to show that at the time the defendant's track was laid there was a public road at the place where the cars were placed by defendant's agents.

*T. C. Thornton, D. H. Ross* and *Alex Mason*, for appellees.

KEY, ASSOCIATE JUSTICE.—Appellant makes the following statement of nature and result of the suit: "Appellee instituted this suit in the District Court of Hunt County, Texas, and for cause of complaint substantially alleged as follows:

"That appellant has a line of railway passing through Greenville, Hunt County, Texas; that a branch or switch of appellant's track crosses a street or public road in City of Greenville, and that such switch track leads from the main track of appellant towards the water-works situated within the limits of the town of Greenville; that on the 8th of September, 1892, appellee was riding in a two-horse wagon along such public road or street where the same intersects the switch track of appellant; that there were two horses hitched to said wagon, and that they were gentle, kindly-disposed animals; that at the point where such public road or street intersects the switch track of appellant there had been left standing a line of several cars on such track; that such cars were on either side of such public road or street, and that a narrow space of only a few feet, perhaps ten or twenty, was left as a passway between said cars; that said cars were so left on said track and in said highway an unreasonable length of time, to-wit: about three days; that the cars so left there were large cars, of various colors and with various designs, marks and figures upon them; that said cars were carelessly, knowingly and negligently placed on said track within said highway by the employes of appellant; that the horses of appellee hitched to said wagon became frightened at the cars so standing on said track in said highway, ran away, overturned appellee's wagon, destroyed it and threw appellee violently against the ground, breaking his collar bone, mashing and dislocating his shoulder and shoulder blade, and inflicting upon him other injuries set forth in his petition.

"Appellant answered, first, by a general demurrer which was overruled by the court; second, a general denial; and third, a special answer, in which it was alleged that said cars were not wrongfully or improperly placed, but, on the contrary, were located on one of its switches along its own right of way, and in such position as they should have been, and as was proper and necessary for the transaction of its business; that if plaintiff received any injuries, it was through no want of care upon the part of appellant, but was occasioned on account of the want of care and negligence of plaintiff and the unruliness of his team; that the team was one easily frightened; that the lines of the harness were old and out of repair, and not sufficient for the management of said team; that without any care, and in a careless, negligent manner, without any regard to his safety, and without having his team under control, plaintiff drove upon the track of appellant, and his team, on ac-

count of their unruly dispositions and uncontrolled by plaintiff, ran away, and inflicted the injuries upon plaintiff of which he complains.

"On the 9th of January each party announced ready for trial in the case and a jury was empaneled, and on the 10th day of January, 1894, they returned into the District Court of Hunt County a verdict of $750 in favor of the plaintiff, which verdict was approved by the court and judgment entered thereon in favor of the plaintiff."

The verdict involves and the evidence supports findings by the jury: (1) that the defendant was guilty of negligence as alleged in the plaintiff's petition, and submitted in the court's charge; (2) that as a direct result of said negligence the plaintiff was injured as alleged to the extent of $750, and that the plaintiff was not guilty of contributory negligence; and accordingly we so find, as conclusions of fact.

*Opinion.*—In view of our conclusions of fact, it follows that we hold the court did not err in refusing appellant's first special charge, directing a verdict for it; and it is not necessary that we should further discuss that subject.

Appellant asked the following special charge: "If you should believe that the defendant's agents or employes placed cars on what is called the water-works track of defendant, and within the limits of a certain public road, yet if you also believe that such car or cars were not in the traveled portion of such highway, and that such highway was not thereby obstructed so as to interfere with the travel on said highway, then you will return a verdict in favor of the defendant."

This charge was properly refused. The public road along which appellee was traveling was not less than forty feet wide, and if appellant unnecessarily obstructed any portion of it in such manner as to frighten teams of ordinary docility it was guilty of negligence, whether the obstruction was in the traveled portion of the road or not.

Appellant's fourth special charge directed the jury to find for it if they believed from the evidence that its employes used ordinary care in placing the cars where they were placed. This charge should not have been given, because the jury might have understood it to mean, that if ordinary care was exercised in handling and moving the cars appellant would not be liable; whereas there may have been negligence in placing the cars there at all, or in allowing them to remain there an unreasonable time, regardless of the care used in putting them there.

We also hold that the other special charges were properly refused.

In several respects appellant criticises the court's charge; but, on the whole, we think it presented the case to the jury with reasonable fairness and accuracy.

We have duly considered all the questions presented in appellant's brief, and conclude that the judgment should be affirmed; and it is so ordered.

Decided April 22, 1896.                                        *Affirmed.*

Writ of error refused.